# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE 4, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-cv-14026 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| UHS OF HARTGROVE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jane Doe 4's motion to remand the instant case back to the Circuit Court of Cook County following Defendants' snap removal to circumvent the Forum Defendant Rule, 28 U.S.C. § 1441(b)(2). Plaintiff's motion [19] is granted.

## DISCUSSION

Plaintiff alleges that she was the victim of sexual abuse at Defendants' Hartgrove Hospital. As the number "4" in her pseudonym implies, she is not the only plaintiff to make such allegations against Defendants. There are currently fourteen other cases in the Circuit Court of Cook County, all with claims originating solely under Illinois law.[1] Because of the substantial overlap between these cases, the Cook County Law Division has entered a "sweep order" consolidating the cases for pretrial purposes and ordering that "Any future cases to be filed against these Defendants are hereby swept into this consolidated proceeding." Dkt. 20, ex. 2.

---

[1] Plaintiff has helpfully provided the following list of citations to the fourteen other cases: *John Doe 1 v. UHS of Hartgrove et al.*, 2024 L 013843; *Jane Doe 1 v. UHS of Hartgrove et al.*, 2024 L 014224; *Jane Doe 2 v. UHS of Hartgrove et al.*, 2025 01277; *John Doe 3 v. UHS of Hartgrove et al.*, 2025 L 001726; *Jane Doe 3 v. UHS of Hartgrove et al.*, 2025 L 001731; *John Doe 4 v. UHS of Hartgrove et al.*, 2025 L 002397; *John Doe 5 v. UHS of Hartgrove et al.*, 2025 L 002985; *John Doe 100 v. UHS of Hartgrove et al.*, 2025 L 006400; *Jane Doe 100 v. UHS of Hartgrove et al.*, 2025 L 006458; *Jane Doe 101 v. UHS of Hartgrove et al.*, 2025 L 006563; *Jane Doe 101 v. UHS of Hartgrove et al.*, 2025 L 006563; *Jane Doe 102 v. UHS of Hartgrove et al.*, 2025 L 011274; *Jane Doe 103 v. UHS of Hartgrove et al.*, 2025 L 011291; *Jane Doe 5 v. UHS of Hartgrove et al.*, 2025 L 015549.

Plaintiff filed the instant case in the Circuit Court of Cook County on November 12, 2025. Two days later, while the clerk of the court was still processing the summons, Defendants removed the case to federal court. The clerk issued summons on November 18, 2025, and Plaintiff effectuated service within the next two and a half hours. No party disputes that this case meets the standards for diversity jurisdiction, 28 U.S.C. § 1332(a), but Plaintiff contends that removal was improper under the Forum Defendant Rule, 28 U.S.C. § 1441(b)(2). That Rule prohibits removing a case, even if the requirements of diversity jurisdiction have been met, "if any of the parties in interest properly joined and served as defendants is a citizen" of the forum state. *Id.* Here, Defendant UHS of Hartgrove is a citizen of Illinois, which would should mean that the case could not be removed.

However, Defendants seek to exploit a loophole in the law. They argue that removal was proper because the statute only prevents removal if a forum defendant has been "properly joined and served." *Id.* Here, Defendants removed before service had been effectuated—indeed, before service legally could have been effectuated— and they therefore argue that the Forum Defendant Rule did not apply at the time of removal. But under the circumstances here, the Court disagrees with Defendant's hyper-literal interpretation of the rule, which can lead to absurdities like the one before the Court today.

Federal diversity jurisdiction exists to protect out-of-state litigants from prejudicial treatment by local state courts. *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). When a defendant resides in the same state as the Court hearing the case, this risk of prejudice diminishes and becomes secondary to the plaintiff's interest in litigating in the forum of its choosing. Thus, federal law provides that an action may not be removed if any of the defendants are citizens of the state in which the action is brought. The "properly joined and served" language of § 1441(b) is designed to stop plaintiffs from exploiting this rule by improperly joining a resident of the forum as a defendant solely to defeat removal on the basis of diversity jurisdiction. *Holmstrom v. Harad*, No. 05 C 2714, 2005

WL 1950672, at *2 (N.D. Ill. 2005) (Aspen, J.) (quoting *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003)). Defendants are entitled to act to remove a case based on the circumstances at the time that they are sued, and they should not be required to guess whether a forum defendant has been properly joined and will subsequently be served. *Id.*

However, the purpose of the Forum Defendant Rule can be perverted when a case is removed before any defendant has been served. The Rule was not intended to create a race to action between the plaintiff seeking to serve defendants and unserved defendants seeking to remove their case before an in-forum defendant is served. *In re Testosterone Replacement Therapy Prods. Liability Litigation*, 67 F. Supp. 3d 952, 961 (N.D. Ill. 2014) (Kennelly, J.) The "joined and served" requirement also serves no purpose when no one has been served, because no defendant is yet obligated to appear in court and the time for removal has not yet begun to run. Although statutes ordinarily are interpreted based on the plain meaning of their words, they must not be interpreted in a manner that would frustrate the purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent. *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). Removal statutes, moreover, are to be construed narrowly and against removal. *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). For these reasons, judges in this district have consistently refused to apply the "joined and served" requirement when removal is attempted before any defendant has been served. *See In re Testosterone Replacement therapy Products Liability Litigation*, 67 F. Supp. 3d at 962; *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007) (Lefkow, J.); *Holmstrom*, 2005 WL 1950672, at *2.

This Court has previously ruled that the Forum Defendant Rule prohibited removal where the defendant removed the case eight days after the plaintiff filed suit, and before the plaintiff had effectuated service on any party. *Zimmer as Tr. for Nelson v. Trinity Med. Ctr., Inc.*, No. 18-CV-2987, 2018 WL 11219941, at *1 (N.D. Ill. June 29, 2018) (Coleman, J.). The instant case presents an even stronger set of circumstances supporting remand. Defendants removed the case only *two days* after Plaintiff

filed her complaint, seemingly to stymie a sweep order issued by the Circuit Court of Cook County. There is also no question that the forum defendant, UHS of Hartgrove, has been properly joined. As another court in this district has held, the statutory language "any of the parties in interest properly joined and served as defendants" implies that there must have been at least one party properly joined and served at the time of removal. *See W. Bend Ins. Co. v. Sigler's Auto & Body Shop, Inc.,* No. 24-CV-11182, 2025 WL 368978, at *2 (N.D. Ill. Feb. 3, 2025) (Perry, J.). As explained in *W. Bend*, it would be a curious matter of statutory interpretation if a party could be regarded as "not properly served" when there had not yet been service of process at all. *Id.* at *3–4. That consideration echoes all the more resoundingly here, where it was *not even legally possible* for Plaintiff to have effectuated service at the time of removal. Reading the law to permit removal in this situation would be to endorse a true absurdity.

This case presents one of the most egregious "snap removal" abuses of the Forum Defendant Rule that this Court has encountered. In some circumstances it may be difficult to determine whether a defendant's removal prior to service of process comports with the letter or the spirit of the law. This case presents no such difficulties. Considerations of statutory interpretation, legislative intent, fair play, and judicial efficiency all urge the same conclusion. The Court finds that Defendants removed the case in violation of 28 U.S.C. § 1441(b)(2), and the case therefore must be remanded.

## CONCLUSION

The Court grants Plaintiff's motion to remand this case back to the Circuit Court of Cook County [19].

**IT IS SO ORDERED.**

Date: 2/17/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge